UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KNAGGS MEADOWS, LLC, | No. 2:25-cv-00718-DAD-CKD (PS) |
| Plaintiff, | |
| v. | ORDER *SUA SPONTE* REMANDING CASE TO SACRAMENTO COUNTY SUPERIOR COURT AND DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AS MOOT |
| ANTONIO SUAREZ, et al., | |
| Defendants. | (Doc. No. 2) |

This is an unlawful detainer action brought under California state law by plaintiff Knaggs Meadows, LLC. On February 28, 2025, defendants, proceeding *pro se*, removed this case to this federal court from the Sacramento County Superior Court.[1] (Doc. No. 1.) Although the notice of removal is somewhat difficult to decipher, it appears that defendants are contending that removal is proper because this action purportedly arises under federal law and because their defense to this action is based in part on federal civil rights laws, thus warranting removal pursuant to 28 U.S.C. § 1443(1). (*Id*. at 4–5.) Also on February 28, 2025, defendants filed a motion to proceed *in forma pauperis*. (Doc. No. 2.)

---

[1] The case number of this action in the Sacramento County Superior Court is 25UD000413. (Doc. No. 1 at 1.)

1

A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). The removal statute, 28 U.S.C. § 1441, is strictly construed against removal jurisdiction. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010). It is presumed that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Geographic Expeditions*, 599 F.3d at 1106–07. In addition, "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." *ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000). "The strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions*, 599 F.3d at 1107. "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 932 (9th Cir. 2001). Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary." *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997); *see also California ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). Where it appears, as it does here, that the district court lacks subject matter jurisdiction over a removed case, "the case shall be remanded." 28 U.S.C. § 1447(c).

Defendants first argue removal is proper pursuant to federal question jurisdiction. (Doc. No. 1 at 5.) "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000); *see also Dynegy*, 375 F.3d at 838. Under the well-pleaded complaint rule, courts look to what "necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses which it is thought the defendant may interpose." *California*, 215 F.3d at 1014.

1 Accordingly, "a case may not be removed on the basis of a federal defense . . . even if the defense
2 is anticipated in the plaintiff's complaint and both parties concede that the federal defense is the
3 only question truly at issue." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also*
4 *Vaden v. Discover Bank*, 556 U.S. 49, 70 (2009) ("It does not suffice to show that a federal
5 question lurks somewhere inside the parties' controversy, or that a defense or counterclaim would
6 arise under federal law.").

Here, defendants have not shown that removal of this action to this federal court is appropriate pursuant to federal question jurisdiction. Plaintiff's complaint in this case is a straight-forward unlawful detainer action that is based entirely on state law. There is no federal question present in the complaint. Moreover, even assuming that defendants can assert a federal defense or counterclaim, they cannot use that as the basis for removal because the defensive invocation of federal law cannot form the basis of this court's jurisdiction pursuant to federal question jurisdiction. *See Vaden*, 556 U.S. at 70; *Caterpillar*, 482 U.S. at 392; *California*, 215 F.3d at 1014.

Defendants next argue removal is proper pursuant to 28 U.S.C. § 1443(1). (Doc. No. 1 at 4.) "Section 1443 gives a right of removal to, among others, certain petitioners who claim federally secured rights as a defense to a state prosecution" or civil action. *People of State of Cal. v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970); *see also* 28 U.S.C. § 1443 ("civil actions or criminal prosecutions"). "To justify removal under § 1443, the defendant must invoke [1] 'rights that are given to [her] by explicit statutory enactment protecting equal racial civil rights,' [2] 'assert that the state courts will not enforce th[ose] right[s],' and support that assertion 'by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.'" *Azam v. U.S. Bank, N.A.*, 690 F. App'x 484, 486 (9th Cir. 2017)[2] (quoting *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006), *abrogated on other grounds by BP P.L.C. v. Mayor & City Council of Baltimore*, 593 U.S. 230 (2021)). As to the second prong, removal might be justified, even in the absence of a discriminatory state enactment, if

---

[2] Citation to unpublished Ninth Circuit opinions throughout this opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

1  there is an "'equivalent basis . . . for an equally firm prediction that the defendant would be
2  "denied or cannot enforce" the specified federal rights in the state court.'"  *Carter v. Evans*, 601
3  F. App'x 527, 528 (9th Cir. 2015) (quoting *State of Ga. v. Rachel*, 384 U.S. 780, 804 (1966)).
4        Regarding the second prong, defendants do not point to any state statute or constitutional
5  provision purporting to command the California state courts to ignore defendants' rights
6  guaranteed by federal law. *Kim v. Card*, No. 22-17020, 2024 WL 2816487, at *1 (9th Cir. June
7  3, 2024) ("Remand of this [unlawful detainer] action was proper because Card failed to establish
8  that a state statute or constitutional provision purported to command the California state courts to
9  ignore Card's federal rights."). Defendants assert that constitutional rights are "systematically
10 trampled in state courts" and argue this supports an "equally firm prediction" that defendants will
11 be unable to protect their federal rights in state court. (Doc. No. 1 at 4–5) (quoting *Neal v.*
12 *Wilson*, 112 F.3d 351, 355 (8th Cir. 1997)). Such "conclusory" and "vague allegations" do not
13 give rise to an "equally firm prediction" substantiating removal. *Loving Life Real Est., LLC v.*
14 *Botto*, No. 19-cv-01382-EMC, 2019 WL 1936238, at *2 (N.D. Cal. May 1, 2019) ("Nor do his
15 vague allegations give rise to an equally firm prediction that his situation presents the unusual
16 case in which federal rights will be denied or left unprotected in state court.") (citation omitted)
17 (cleaned up). Because the second prong is not satisfied here, 28 U.S.C. § 1443(1) does not apply.
18       Because there is no federal question appearing in plaintiff's complaint in this case, and
19 because 28 U.S.C. § 1443(1) does not apply, defendants have failed to properly invoke this
20 court's jurisdiction. Remand of this case to the Sacramento County Superior Court is therefore
21 appropriate and mandatory. 28 U.S.C. § 1447(c); *Geographic Expeditions*, 559 F.3d at 1107;
22 *Bruns*, 122 F.3d at 1257.
23       Accordingly,
24     1.    This action is REMANDED forthwith to the Sacramento County Superior Court,
25          pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction;
26     2.    Defendants' motion to proceed *in forma pauperis* (Doc. No. 2) is DENIED as
27          having been rendered moot by this order; and
28 /////

3. The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:  **March 4, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

5